UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED RENTALS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JEFF REYNOLDS, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION NO.<br>3:12-cv-1421 (CSH)<br><br><br>MARCH 19, 2013 |

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge**:

This is a purported diversity action between a Plaintiff corporation and an individual Defendant. The adjective "purported" reflects the insufficiency of the Complaint's jurisdictional allegations.

To establish subject matter jurisdiction in this Court under the diversity statute, 28 U.S.C. § 1332(a)(1), the action must be between "citizens of different States." Paragraph 2 of the Complaint at bar alleges that Plaintiff United Rentals, Inc. ("United") is a "Delaware corporation" (presumably incorporated under Delaware law) with a principal office and place of business in Greenwich Connecticut. Those allegations establish the Plaintiff as a citizen of both Delaware and Connecticut. All that is alleged about Defendant Jeff Reynolds is that he is a "resident" of Nebraska. An individual's *residence* does not determine *citizenship* for diversity purposes. Citizenship depends upon *domicile*. An individual may have more than one residence, but in law can have only one domicile. An allegation of residence is not sufficient to establish domicile, nor in consequence, citizenship. That proposition is so well established as to require no citation of authority, although

it frequently eludes the understanding of members of the Bar. The defect in the present pleading must be corrected if the case is to go forward.

Plaintiff United is in the business of providing equipment for rental. At one time, Defendant Reynolds was employed by United or its corporate predecessor. A time came when United terminated Reynolds's employment. Reynolds is now employed by Nebraska Machinery Company ("NMC"), a commercial competitor of United. After Reynolds began his employment with NMC, United filed this action against him. United's complaint alleges that Reynolds has violated the Federal Computer Fraud and Abuse Act, the Connecticut Computer Crime statutes, and breached certain terms of his prior contract of employment with Plaintiff.

On January 30, 2013, United moved for a preliminary injunction that, as summarized in the Notice of Motion [Doc. 35], would contain "(1) an order that Defendant Jeff Reynolds return and not retain all United property, including trade secrets and confidential information of United; (2) an injunction prohibiting disclosure or use of such information; and (3) an injunction prohibiting Reynolds from further competition or solicitation in violation of his agreements with United and/or applicable law." Reynolds opposes the entry of any injunctive order against him. Each party submits affidavits and exhibits, including exchanges of letters between counsel. These submissions generate a good deal of heat and lesser amounts of light. The controversies appear to revolve around a hard drive that Reynolds removed from a desk top computer owned by United, and United's concerns that Reynolds might conduct himself during his new employment with NMC in ways that would breach certain provisions in his prior employment contract with United. Reynolds says that he has not retained, or alternatively will return, any United proprietary material which was on the hard drive in question. Reynolds also says that his job responsibilities with NMC would not and could not

result in his breach of any restrictive provisions in his former United contract of employment.

The criteria for the granting or denial of preliminary injunctive relief are well settled. Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted). Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

To obtain preliminary injunctive relief, the moving party must establish "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of hardships tipping decidedly in favor of the moving party." *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks and citation omitted), *cert. denied*, 131 S. Ct. 415 (2010).

If a party seeks a mandatory injunction, *i.e*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a higher standard. "[I]n addition to demonstrating irreparable harm, '[t]he moving party must make a clear or substantial showing of a likelihood of success' on the merits, ... a standard especially appropriate when a preliminary injunction is sought against government." *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted). Questionable claims would not meet the likelihood of success requirement. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 340 (1999).

Although a hearing is generally required on a properly supported motion for preliminary

injunction, oral argument and testimony are not required in all cases. *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997). Where "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., *Moore's Federal Practice* ¶ 65.04[3] (2d ed. 1995).

In the case at bar, the initial submissions of the parties have been followed by considerable discovery. Specifically, on February 26, 2013, in Omaha, Nebraska, Reynolds underwent a deposition conducted by counsel for United. The deposition was conducted as a part of the captioned case in this District. The 137-page transcript prepared by an Omaha stenographic service bears the caption of the instant case, and is accompanied by numerous exhibits which were presented to Reynolds during his deposition and concerning which he testified.

In further discovery efforts in the case before this Court, counsel for United served a subpoena bearing the caption of this case, in this Court, upon NMC. NMC is a Nebraska corporation. To enforce its Connecticut-case subpoena, on February 7, 2013 United filed a motion in the United States District Court for the District of Nebraska for an order compelling NMC "to fully and completely respond to a subpoena by producing for imaging and inspection by a computer forensic expert all electronic storage media issued or provided by NMC for use by defendant Jeff Reynolds." [Doc. 1] in D.Neb. Dkt. No. 4:13-cv-3029 at 1. This motion was assigned to District Judge Gerrard and Magistrate Judge Zwart. After some brisk exchanges between counsel for United, Reynolds, and NMC, Magistrate Judge Zwart filed an order on February 26, 2013 [Doc. 24] which provided in ¶ 1: "Nebraska Machinery Company (NMC) shall produce all electronic storage media issued by NMC for use by defendant Jeff Reynolds to a computer forensic examiner in Omaha for

4

imaging." Subsequent paragraphs in Judge Zwart's order deal with the logistics of the examination, including a provision in ¶ 5 that: "After counsel is apprised of the existence and breadth of the documents and images identified by the forensic examiner, they shall confer again in good faith to resolve how those documents should be disseminated to counsel for the parties."

The present record in this case does not reveal whether, some three weeks after these events in the District of Nebraska, that discovery in Nebraska affects the litigation in this Court. This Court now puts these questions to counsel for the parties:

    1. Does United still press for a preliminary injunction in the form originally presented?

    2. If the answer to Question 1 be in the affirmative, what additional arguments, if any, do the parties make, based upon the Nebraska discovery, in support of, or in opposition to, United's motion for a preliminary injunction?

    3. Do the parties intend to conduct future discovery? If so, describe that intended discovery in detail.

Counsel are directed to file and exchange simultaneously their answers to these questions on or before **March 29, 2013.** Pending those submissions, the Court reserves judgment on United's motion for a preliminary injunction.

In order to resolve the present uncertainty with respect to the Court's subject matter jurisdiction purportedly based upon diversity of citizenship, Defendant Jeff Reynolds is directed to file, on or before **March 29, 2013**, a sworn affidavit or declaration stating whether, on the date this action was commenced, he maintained one or more than one residence, and also stating the address or addresses (as the case may be) of the place or places of residence. If it should appear that Reynolds maintained a place of residence in Delaware or Connecticut, a further inquiry must be

conducted in respect of Reynolds' place of domicile.

    It is SO ORDERED.

Dated: New Haven, Connecticut
       March 19, 2013

                                            */s/Charles S. Haight, Jr.*
                                            Charles S. Haight, Jr.
                                            Senior United States District Judge